**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-4484**

─────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DARIUS STINSON, a/k/a Daz,

                Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:11-cr-00400-FDW-1)

─────────

Submitted: February 27, 2014      Decided: March 7, 2014

─────────

Before DUNCAN and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Darius Stinson pled guilty to distribution of cocaine base and aiding and abetting. The district court sentenced him to 160 months' imprisonment. Stinson's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the district court erred by upwardly departing at sentencing without giving notice pursuant to Fed. R. Crim. P. 32(h) and whether the district court erred by enhancing Stinson's sentence for maintaining a residence for the purpose of manufacturing and distributing controlled substances. Although advised of his right to file a pro se supplemental brief, Stinson has not done so. Finding no reversible error, we affirm.

Stinson first contends that the district court failed to provide notice that it was considering an upward departure from the Guidelines range. After sustaining Stinson's objection to the inclusion of drug quantities not specified in the indictment, the district court informed the parties that it was considering an upward variance based on Stinson's criminal history. In determining that a 70 to 87 month sentence was insufficient and that a 160-month sentence was appropriate, the court imposed a variance sentence, not an upward departure.

2

Thus, no notice was required under Rule 32(h). See Irizarry v. United States, 553 U.S. 708 (2008) (holding that variance does not require prior notice).

Stinson next contends that the sentencing court erred by applying the two-level enhancement for maintaining a dwelling for the manufacture and distribution of controlled substances. Although Stinson objected to the enhancement as too remote in time from the May 2011 offense of conviction, he failed to present any evidence to show that his maintaining the second apartment was not for use in his drug offenses related to the offense conduct. Notably, Stinson admitted that he had the apartment in 2008 for the purpose of cooking and selling crack. He admitted that he continued to cook and sell drugs in 2010. The offenses with which he was charged occurred in March and May 2011. Although Stinson's counsel asserted at sentencing that the apartment had not been used for over four years, he failed to present any evidence to refute the application of this enhancement. We find no clear error in the district court's application of this enhancement. See United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012) (providing standard).

We have reviewed Stinson's sentence and conclude that the sentence imposed was reasonable, see Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010), and that the district court did not abuse

its discretion in imposing the chosen sentence.  See <u>Gall</u>, 552 U.S. at 41; <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Stinson's conviction and sentence. This court requires that counsel inform Stinson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Stinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Stinson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>